284 Pa. Superior Ct. 139 (1981)
425 A.2d 459
G.J.F., Appellant,
v.
K.B.F.
Superior Court of Pennsylvania.
Argued November 12, 1980.
Filed February 13, 1981.
*140 Norman D. Jaffe, Butler, for appellant.
Harry K. McNamee, Butler, for appellee.
Before CAVANAUGH, WATKINS and HOFFMAN, JJ.
PER CURIAM:
Appellant-mother contends that the lower court improperly denied her petition for custody of the parties' two minor children. We agree and, accordingly, vacate the order of the lower court and remand for proceedings consistent with this opinion.
The mother brought this action for custody in March, 1979, while divorce proceedings between the parties were pending. The parties were granted a divorce in July, 1979, and subsequently, the lower court conducted a hearing on the mother's petition for custody. On January 8, 1980, the court entered an order awarding custody of the parties' children to the father and granting specific visitation rights to the mother. This appeal followed.
"It is fundamental that in all custody disputes, the best interests of the child must prevail; all other considerations are deemed subordinate to the child's physical, intellectual, moral and spiritual well being." Garrity v. Garrity, 268 Pa.Super. 217, 221, 407 A.2d 1323, 1325 (1979). Notwithstanding this oft-repeated admonition, it is clear from our review of the record that the lower court based its award of custody on matters not demonstrably related to the best interests of the children.
*141 The principal reason cited by the lower court in support of its decision was the mother's nonmarital relationship with another man, which precipitated the breakup of the parties' marriage and resulted in her move to a mobile home with the man and her children. In Commonwealth ex rel. Myers v. Myers, 468 Pa. 134, 360 A.2d 587 (1976), our Supreme Court stated unequivocally that "the mere fact of a parent's nonmarital relationship is insufficient to deny him or her custody of the children." Id., 468 Pa. at 138, 360 A.2d at 589. Rather,
it is the effect of the nonmarital relationship on the child and not the fact of the relationship itself which is crucial to a custody decision. If the evidence shows that a parent's conduct has had harmful effects on the child the court may be justified in denying custody to that parent. On the other hand, if the evidence shows that the parent's conduct has not adversely affected the child, then the best interests of the child may dictate that the parent retain custody. In each case, all relevant circumstances must be examined to determine what action would be in the best interests of the child.
Id., 468 Pa. at 141, 360 A.2d at 590.
In the present case the court made little apparent effort to analyze the actual effect of the mother's nonmarital relationship on the children. Instead the court manifested a desire not to "reward" the mother for what it perceived to be her immorality and culpability for the dissolution of the parties' marriage.[1] This was error. As indicated above, the *142 court's function in custody cases is not to penalize one party for breaching a perceived moral code; rather, it is to determine how the interests of the children will best be served. Commonwealth ex rel. Myers v. Myers, supra; See also Gunter v. Gunter, 240 Pa.Super. 382, 361 A.2d 307 (1976). By placing such a heavy emphasis on the propriety of the mother's actions, rather than evaluating the effect of those actions on the children, the court failed to discharge its proper function, thus necessitating a remand for further proceedings.
The court erred additionally in basing its decision on financial factors unrelated to the best interests of the children. The court stated that were it to grant custody to the mother, the father would be required to "use part of [his income] to finance a second household." Because the father was not responsible for breaking up the parties' marriage, the court reasoned, "[n]either he nor the children should be punished by [such] a division of his income." In so reasoning, the court erred in several respects. First, it is axiomatic that any child support payments which the father would be ordered to make, were the mother granted custody, would be designed to benefit the children, and not "to finance a second household." Second, and more fundamental, the court's opinion as to responsibility for the breakup of the parties' marriage is irrelevant in determining which parent would best serve the children's interests as custodian. See A. Momjian & N. Perlberger, Pennsylvania Family Law, § 5.1.3(a)(9) (1978). The court also improperly concluded, in essence, that the children should be placed with the parent having the greatest capacity to provide for them financially. It is well settled that "[u]nless the income of one party is so inadequate as to preclude raising the children in a decent manner, the matter of relative income is irrelevant." Commonwealth ex rel. Grillo v. Shuster, 226 Pa.Super. 229, 239, 312 A.2d 58, 64 (1973).
Because of the errors described above we must vacate the order of the lower court and remand for reconsideration of the evidence heretofore presented. Moreover, the court may *143 solicit and consider any additional evidence which it feels is necessary to properly determine the issue of custody, including, but not limited to, evidence of the present effect of the mother's nonmarital relationship on the children,[2] and the parties' capacities to provide for the children financially. Either party aggrieved by the court's ultimate decision may take a new appeal to this Court, in which case the lower court shall file a comprehensive opinion which thoroughly analyzes the evidence and states the reasons for its decision.
Order vacated and case remanded for proceedings consistent with this opinion.
WATKINS, J., files a concurring statement.
WATKINS, Judge, Concurring:
I concur in the remand because of the lower court's consideration of financial factors unrelated to the best interest of the children for custody purposes.
NOTES
[1] The court stated in its opinion:

Neither the law nor the courts will condone the dissolution of a marriage by rewarding the guilty party and penalizing the innocent party. Other than to serve her personal disaffection and her search for something better for herself [the mother] lacked a good reason for depriving these children of a father and mother in a family relationship. On the facts presented this Court would be contributing to the instability of society by awarding custody of the children to the mother and by ordering the father to help maintain another household. Such a result would neither be fair nor just. Awarding custody of children to the parent seeking a change in love life is neither in the best interest of the children nor that of society in general.
[2] "[W]e have often restated the rule that custody must be determined on the basis of the facts as they exist at the time of the [custody] hearing." In re Leskovich, 253 Pa.Super. 349, 357, 385 A.2d 373, 377 (1978).